# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKHAILO YURCHENKO<br><br>                      Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | CASE NO. 13CV269 JLS (WVG)<br><br>**ORDER (1) DISMISSING PETITION FOR WRIT OF AUDITA QUERELA AND (2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 2) |

Presently before the Court are Petitioner Mykhailo Yurchenko's ("Petitioner") Petition for a Writ of Error Audita Querela, (Pet., ECF No. 1), and Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), (IFP, ECF No. 2). Having considered the applicable law and facts, the Court **DISMISSES** Petitioner's petition and **DENIES AS MOOT** the motion for IFP.

## BACKGROUND

Petitioner, currently incarcerated at a Federal Correctional Institution located in Lompoc, California, and proceeding pro se**,** filed a petition for a Writ of Error Audita Querela, (Pet., ECF. No. 1), on February 1, 2013 and filed a motion to proceed IFP on February 19, 2013, (IFP, ECF No. 2).

Petitioner's current motion stems from a criminal conviction and sentence for violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 1903. The facts underlying Petitioner's conviction are set forth in a pair of

published Ninth Circuit opinions, *U.S. v. Ihnatenko*, 482 F.3d 1097, 1098–99 (9th Cir. 2007) and *U.S. v. Zakharov*, 468 F.3d 1171, 1174–75 (9th Cir. 2006).

On April 28, 2001, Petitioner was apprehended off the coast of Mexico on a Belizean fishing vessel that contained approximately twelve metric tons of cocaine. At the time of Petitioner's apprehension, Petitioner's vessel was located in international waters. Petitioner was detained, along with nine other crewmen, and transported to San Diego, California. Upon arrival, Petitioner was arrested by federal agents and was subsequently charged with conspiracy to possess cocaine aboard a vessel subject to United States jurisdiction in violation of 46 U.S.C. 1903(a) and (j), and possession with intent to distribute cocaine aboard a vessel subject to United States jurisdiction in violation of 46 U.S.C. § 1903(a), (c)(1)(C), and (f). Petitioner was tried along with six co-defendants and on March 24, 2004, after a twenty-four-day jury trial, he was found guilty on both counts. Petitioner was then sentenced to one-hundred and eighty-eight months of imprisonment.

Petitioner appealed his conviction and argued that the government violated 18 U.S.C. § 201(c)(2) by providing compensation in exchange for the cooperation of a witness. *Ihnatenko*, 482 F.3d at 1099. The Ninth Circuit rejected this argument and affirmed Petitioner's conviction. *Id.* at 1099–1101. Thereafter, the U.S. Supreme Court summarily denied certiorari on October 1, 2007. *Ihnatenko v. U.S.*, 552 U.S. 904 (2007).

Petitioner then attempted to challenge his sentence on a different ground in the U.S. District Court for the Central District of California. *U.S. v. Yurchenko*, No. CV 12-10796 MMM (RZ), 2013 WL 154209, at *1 (C.D. Cal. Jan. 14, 2013). Petitioner, invoking the writ of *audita querela*, argued that his conviction was invalid because "the search of his vessel occurred outside of United States jurisdiction." *Id.* In support, Petitioner cited a recent Eleventh Circuit opinion, *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1249 (11th Cir. 2012). In *Bellaizac-Hurtado*, the Eleventh Circuit vacated the criminal convictions of

defendants who had been found guilty of violating the MDLEA by engaging in drug-trafficking activities in the territorial waters of Panama. 700 F.3d at 1247. The Eleventh Circuit reasoned that the MDLEA as applied to the defendants was unconstitutional because "Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." *Id.* at 1258.

Judge Morrow concluded that Petitioner's reliance on *Bellaizac-Hurtado* was inapposite, that Petitioner's writ of *audita querela* was not cognizable, and that the petition was without merit. *Yurchenko*, 2013 WL 154209, at *3. She found that Petitioner's writ of *audita querela* was not cognizable because Petitioner could have sought his requested relief pursuant to 28 U.S.C. § 2255. *Id.* She also concluded that Petitioner's argument lacked merit because the circumstances of Petitioner's case were factually distinguishable from those in *Bellaizac-Hurtado*; Petitioner was seized in international waters, unlike the defendant in *Bellaizac-Hurtado*, whose ship was seized in Panamanian territorial waters. *Id.* Accordingly, Judge Morrow dismissed petitioner's motion without prejudice. *Id.*

Petitioner has filed a nearly identical petition to the one that he previously presented to Judge Morrow, seeking to have this Court vacate his sentence. (Pet. 1, 8, 11, ECF No. 1). Petitioner again invokes the writ of *audita querela* to challenge his conviction and again contends that the MDLEA is unconstitutional as applied to him. (*Id.* at 2–8). Petitioner again relies on *Bellaizac-Hurtado* in support. (*Id.* at 1–2, 8–9).

## LEGAL STANDARD

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a petitioner's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*,

169 F.3d 1176, 1177 (9th Cir. 1999). "Under the Prison Litigation Reform Act ("PLRA"), all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1),(2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1),(4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent the petition is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Prior to its amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. Section 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make, and rule on, its own motion to dismiss before directing that the complaint be served by the U.S. Marshals pursuant to Fed. R. Civ. P. 4(c)(3); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

("[S]ection 1915(e) not only permits, but requires a district court to dismiss an IFP complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

## ANALYSIS

**1. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

Petitioner's petition for a writ of *audita querela* fails for two basic reasons: (1) the action is not cognizable; and (2) the action fails on its merits. Moreover, Petitioner's action fails even if the Court interprets the petition as a motion to correct or vacate a sentence filed pursuant to 28 U.S.C. § 2255.

*A.     The Petition is Not Cognizable*

A writ of *audita querela* may be used to challenge a conviction or a criminal sentence *only when* there exists no statutory authorization that allows the petitioner to do so in the "current systems of postconviction relief." *Carrington v. U.S.*, 503 F.3d 888, 890 (9th Cir. 2007) (quoting *U.S. v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam)). In other words, a "prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under [28 U.S.C.] § 2255 because, in such a case, "there is no 'gap' to fill in the postconviction remedies." *Valdez–Pacheco*, 237 F.3d at 1080; *see also United States v. Gamboa*, 608 F.3d 492, 492 (9th Cir. 2010) ("[A] federal prisoner may not challenge his or her sentence pursuant to a petition for a writ of *audita querela* if the requested relief can be obtained under § 2255.").

Here, Petitioner may seek to vacate his sentence under 28 U.S.C. § 2255. Section 2255 "generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention." *Yurchenko*, 2013 WL 154209, at *1 (C.D. Cal. Jan. 14, 2013) (citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). A federal prisoner claiming that his sentence was imposed in violation of the U.S. Constitution or that the court was without jurisdiction to impose the

sentence may challenge his sentence through a section 2255 motion. *See* 28 U.S.C. § 2255(a). Further, a prisoner challenging his sentence on the basis of a newly recognized right, as Petitioner does here, may do so through a section 2255 motion, provided that the prisoner files his motion to vacate the sentence within one year of the date of a Supreme Court decision recognizing that right and making it retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3); *Dodd v. U.S.*, 545 U.S. 353, 358–59 (2005). Since Petitioner seeks to have this Court vacate his sentence on the basis of a newly recognized right, Petitioner seeks relief that may be recognized on a motion brought under 28 U.S.C. § 2255.

It is true that Petitioner is now unable to bring a timely section 2255 motion due to the fact that it has been more than one year since Petitioner's judgment of conviction became final in 2007, when the Supreme Court denied Petitioner's request for relief. *See* 28 U.S.C. § 2255(f)(1). Nonetheless, the fact that a section 2255 motion is time-barred does not make the writ of *audita querela* available to Petitioner. *Valedez-Pacheco*, 237 U.S. at 1080 (holding that *audita querela* is not available to a federal prisoner who is time-barred from pursuing a section 2255 motion); *see also Gamboa*, 608 F.3d at 495. Therefore, Petitioner may not seek relief via a writ of *audita querela.*

### B. The Petition is Without Merit

Second, Petitioner's argument for relief fails on the merits, regardless of whether the Court interprets Petitioner's action as a motion brought under 28 U.S.C. § 2255 or as a petition for a writ of *audita querela*. As stated above, Petitioner is time-barred from bringing a successful section 2225 motion because it has been over one year since final judgment in his conviction was rendered. For that reason alone, a section 2255 motion must fail. Petitioner may of course move for relief under 2255 in the event that the Supreme Court subsequently recognizes a new right applicable to Petitioner and retroactively applies that right to cases on collateral review. *See* 28 U.S.C. 2255(f)(3); *Dodd*, 545 U.S. at 358-59 (2005). Petitioner's

1 | current reliance on *Bellaizac-Hurtado* satisfies neither of these criteria, however,
2 | because *Bellaizac-Hurtado* is not a Supreme Court opinion.
3 |       Further, the Court agrees with Judge Morrow's determination that *Bellaizac-*
4 | *Hurtado* does not apply to the circumstances of Petitioner's arrest and conviction.
5 | Petitioner, unlike the defendants in *Bellaizac-Hurtado*, was convicted for drug-
6 | trafficking activity in international waters, for which Congress has expansive power
7 | to legislate. *Compare Ihnatenko*, 482 F.3d at 1099, *with Bellaizac-Hurtado*, 700
8 | F.3d at 1248. The Ninth Circuit has repeatedly upheld convictions under the
9 | MDLEA stemming from seizures in international waters and has rejected arguments
10 | that the MDLEA cannot be applied constitutionally in such circumstances. *See*
11 | *United States v. Moreno-Morillo*, 334 F.3d 819, 824-25 (9th Cir. 2003); *United*
12 | *States v. Aikins*, 946 F.2d 608, 613-14 (9th Cir. 1990); *United States v. Davis*, 905
13 | F.2d 245, 248-49 (9th Cir. 1990).
14 |       Accordingly, Petitioner's argument for relief has no merit regardless of
15 | whether the Court views this action as a section 2255 motion or a petition for writ of
16 | *audita querela*. Therefore, Petitioner fails to state a claim upon which relief may be
17 | granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court
18 | **DISMISSES** Petitioner's petition.
19 | **2. Motion to Proceed IFP**
20 |       Because the Court has dismissed Petitioner's petition for a writ of audita
21 | querela, Petitioner's request for IFP status is moot. Accordingly, the Court
22 | *///*
23 | *///*
24 | *///*
25 | *///*
26 | *///*
27 | *///*
28 | *///*

**DENIES** petitioner's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## CONCLUSION

For the reasons discussed above, the Court **DISMISSES** Petitioner's petition for a writ of *audita querela* and **DENIES** Petitioner's motion to proceed IFP as moot.

**IT IS SO ORDERED.**

DATED: July 17, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge